**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| MICHAEL & DENA SWEENEY : | BANKRUPTCY NO. 20-13079-ELF |
| Debtors. : | |
| ANTHONY SARACCO : | |
| Plaintiff, : | |
| : | ADVERSARY NO. _____ |
| v. : | |
| MICHAEL & DENA SWEENEY : | |
| Defendants. : | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

Plaintiff, Anthony Saracco ("Saracco"), by and through his undersigned attorneys, Wetzel Gagliardi Fetter & Lavin LLC, files his complaint against Defendants Michael & Dena Sweeney ("Debtors") (collectively "Parties") to determine certain obligations of the Debtors to Saracco to be nondischargeable. In support of his Complaint, Saracco avers as follows:

**PARTIES**

1. Anthony Saracco is an adult individual having a principal address of 138 E. Chelton Road, Brookhaven, Pennsylvania 19015.

2. The Debtors are adult individuals, husband and wife, having a principal address of 136 E. Chelton Road, Brookhaven, Pennsylvania 19015.

1

## PROCEDURAL BACKGROUND

3. On July 22, 2020, the Debtors filed a voluntary petition pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

4. On September 11, 2020, Saracco filed his proof of claim in the underlying bankruptcy proceeding at claim #3.

5. On September 25, 2020, the Debtors objected to Saracco's proof of claim. *See* docket in the underlying bankruptcy proceeding at #28.[1]

6. William C. Miller was appointed trustee of the Debtors' estate, is duly qualified and is so acting.

## JURISDICTION AND VENUE

7. This Court has subject jurisdiction over this adversary pursuant to 28 U.S.C. Section 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

8. Venue is proper under 28 U.S.C. Sections 1408 and 1409(a).

## BACKGROUND

9. At all relevant times herein, the Parties were neighbors whose homes were separate but adjacent to each other with driveways between the two properties.

10. The Parties have been involved in a long-standing dispute, causing, since approximately 2013, the Parkside Borough Police Department to respond to calls at their properties over 100 times.

11. On August 9, 2019, the Court of Common Pleas of Delaware County, Pennsylvania issued an order granting a Permanent Injunction in favor of Saracco and ordered the Debtors to remove all audio recording devices from their residence that

face Saracco's property and also redirect cameras to point to their side of the property in accordance with the Pennsylvania Wiretapping and Electronic Surveillance and Control Act.[2]  *See* August 9, 2019 Order and Opinion attached hereto as Exhibit "A" (hereinafter "CCP Order").

12. Per the CCP Order, "[Debtors] were ordered to pay [Saracco's] attorney's fees and costs.  [Saracco] established that the [Debtors] wrongfully maintained audio and visual recording devises that monitored his property."  *See id.* Opinion page 2.

13. On September 5, 2019, the Debtors appealed the CCP Order and on June 23, 2020, the Superior Court of Pennsylvania vacated the trial court's order as it relates to the award of attorney's fees only and remanded for arbitration on the limited issue of attorney's fees.  The trial court's Order was affirmed in all other aspects.  *See* June 23, 2020 Superior Court Decision attached as Exhibit "B".

14. To date, the arbitration has not occurred.

15. As a result of the Debtors' bankruptcy filing on July 22, 2020, the trial court matter has been stayed.

## COUNT I

### Nondischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(6)

16. Saracco re-alleges and incorporates by reference the allegations of the preceding paragraphs as if set forth verbatim herein.

17. At all relevant times herein, the Debtors were the sole individuals controlling the wiretapping equipment which is the subject of the CCP Order and Superior Court Decision.

---

[1] To date, the Debtors' objection to Saracco's claim is unresolved.
[2] 18 Pa.C.S.A. Sections 5701-82.

3

18. The Debtors testified at the trial court hearing that they knew they were recording Saracco while he was on his own property.[3]

19. As the Superior Court opined, "[t]o establish a prima facie case under the Wiretap Act for interception of an oral communication, a claimant must demonstrate that: (1) he engaged in a communication; (2) he possessed an expectation that the communication would not be intercepted; (3) his expectation was justifiable under the circumstances; and (4) the defendant attempted to, or did successfully, intercept the communication, or encouraged another to do so." *See* Superior Court Decision at p. 8 citing *Matenkoski v. Greer*, 213 A.3d 1018, 1028-1029. (Pa. Super. 2019).

20. In finding against the Debtors and in favor of Saracco, both the trial court and Superior Court found that the Debtors intentionally acted without legal justification and, therefore, malice is supported in the context of the circumstances for purposes of 11 U.S.C. Section 523(a)(6).

21. Saracco's claim results from the Debtors' willful and malicious injury to both Saracco and his property.

22. Saracco's claim should not and cannot be discharged in accordance with 11 U.S.C. Section 523(a)(6).

---

[3] Michael Sweeney testified:
Q: And over the course of those years, since 2009 and then 2013 with audio recording, it's fair to say that you have recorded Mr. Saracco on his driveway and adjacent to the side of his house, is that correct?
A: Correct.
Q: You've – there have been recordings of him in his back yard, correct?
A: Correct.
Q: Recordings of him on his deck?
A: Correct.
Q: Recordings of him under his deck?
A: Correct.
Q: Recordings of him on – in his door to his home?
A: In his doorway, correct.
Q: …You made recordings of Mr. Saracco while he's been on his enclosed front porch, correct?
A: Yes.
Q: Has it [the audio recording devices] in your experience, picked up somebody having a normal conversation in Mr. Saracco's front yard?
A: Sure, yes.
*See* Superior Court Decision at p. 5 citing the Reproduced Record (R.R.) 161a.

23. Saracco's damages under this count are in the amount of $81,868.76 and as stated in his proof of claim.

24. The sum of $81,868.76 therefore constitutes a nondischargeable debt of the Debtors to Saracco as Saracco's actual damages relating to Debtors' actions.

WHEREFORE, plaintiff Anthony Saracco respectfully requests the Court enter judgment (i) declaring the entirety of the Debtors' debt to Saracco to be nondischargeable pursuant to one or more subsections of 11 U.S.C. Section 523(a); (ii) awarding Saracco judgment against the Debtor in an amount not less than $81,868.76 plus post-judgment interest and costs of collection including reasonable attorney's fees; and (iii) awarding Saracco such other and further relief as the Court may deem just and proper.

Respectfully submitted,

WETZEL GAGLIARDI FETTER & LAVIN LLC

Date: October 21, 2020 By: /s/ John A. Gagliardi, Esquire
 John A. Gagliardi, Esquire
 122 S. Church St.
 West Chester, PA 19382
 (484) 887-0779 Ext. 102
 jgagliardi@wgflaw.com